988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rose L. TIREY, aka Rose L. Nygren, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35592.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-91-5307-RJB; Robert J. Bryan, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rose Tirey appeals the district court's summary judgment in favor of the United States in her federal tort action alleging medical malpractice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Tirey suffered injuries resulting from complications that arose following a tonsillectomy performed at the Madigan Army Medical Center ("MAMC") on April 25, 1988. On November 7, 1990, Tirey filed an administrative claim with the Medical Claim Judge Advocate. On July 17, 1991, Tirey filed a complaint in the United States District Court. The district court granted summary judgment for the United States, finding Tirey's action barred by the statute of limitations governing tort claims against the United States. See 28 U.S.C. § 2401(b). On appeal, Tirey contends her action was timely because she did not realize she was injured until approximately July 1990.
 
 
 4
 The Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA"), authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts or omissions of United States employees acting within the scope of employment. The FTCA is a limited waiver of sovereign immunity. See 28 U.S.C. §§ 2401, 2674. To bring an action under the FTCA, a claimant must first file a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. Furthermore, a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).
 
 
 5
 In an action for medical malpractice under the FTCA, "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." Landreth ex rel. Or. v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). The plaintiff need not be aware that "an actionable claim exists as long as she is aware of the injury and its probable cause." Id. (citing United States v. Kubrick, 444 U.S. 111, 123-24 (1979)). When an injury is obvious, the statute of limitations begins to run immediately upon discovery of the cause. Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir.1983).
 
 
 6
 This court views the evidence in the light most favorable to Tirey and determines whether the district court correctly applied the relevant substantive law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986). The date Tirey discovered the existence and cause of her injuries is a question of fact, which is reviewed under the clearly erroneous standard. Landreth, 850 F.2d at 534. "The date [Tirey] should have discovered the existence and cause of [her] injuries in the exercise of reasonable diligence is a mixed question of fact and law and is also reviewed under the clearly erroneous standard." Id.
 
 
 7
 Here, Dr. Chen of MAMC performed a tonsillectomy on Tirey in April 1988.[1] Because of post-operation bleeding, Tirey needed to be intubulated to be able to breathe while her lungs were cleared of the blood and the bleeding area was cauterized and stitched. Tirey's jaw was opened wide to accommodate the tube. Following the tonsillectomy and post-tonsillectomy procedure, Tirey had great difficulty in opening her mouth to eat and speak. When Tirey complained of the pain in her jaw, Dr. Chen told Tirey it would heal in a couple weeks. Because of her jaw condition, Tirey was unable to eat solid foods and lost 33 pounds.
 
 
 8
 On May 17, 1988, Tirey returned to MAMC for an examination of her jaw. Tirey was told she had lockjaw. After oral surgery, she still was unable to open her mouth wide. On May 25, 1988, Tirey filed a complaint with the hospital. The complaint stated that as a result of her tonsillectomy and post-tonsillectomy procedure, Tirey's "jaws were locked shut and she was unable to talk." The complaint also stated that "[t]here was some type of damage to the jaw. Patient is being treated at the dental clinic in MAMC." Additionally, the complaint alleged that "[p]atient feels that Dr. Chen should have referred her sooner. They are unable to ascertain exactly what the problem is but the patient is unable to open her mouth very wide and has difficulty speaking and still cannot eat solid food."
 
 
 9
 It is clear from Tirey's May 25, 1988 complaint that she felt that Dr. Chen was negligent in treating and operating on Tirey and in referring Tirey to another doctor. Moreover, in the affidavit provided in support of her opposition to the government's summary judgment motion, Tirey stated that following the post-tonsillectomy procedure, her jaw hurt. Tirey also stated that she had never experienced any sort of pain in her jaw prior to the tonsillectomy and post-tonsillectomy procedure. Furthermore, during her March 1992 deposition, Tirey testified that the lockjaw began following the post-tonsillectomy procedure and that she had no reason to believe that it was the result of anything other than the tonsillectomy or post-tonsillectomy procedure. Based on these facts, the district court correctly found that Tirey was aware of the injury and its cause more than two years before she filed her claim. See 28 U.S.C. § 2401(b); Landreth, 850 F.2d at 534.
 
 
 10
 Tirey alleges her cause of action did not arise until June or July 1990, following her examination by a chiropractor.[2] She alleges that even though she was keenly aware of the problems with her jaw, only after examination by a dentist in 1990 did she learn that she was "injured." Nevertheless, the dentist's diagnosis did not affect the accrual of Tirey's action, which had begun to run in May 1988. See Kubrick, 444 U.S. at 123-24 (claim accrues when injury manifests itself, not when plaintiff becomes aware that injury was negligently inflicted); Raddatz v. United States, 750 F.2d 791, 795-96 (9th Cir.1984); Davis v. United States, 642 F.2d 328, 331 (9th Cir.1981) (cause of action accrued when plaintiff learned polio vaccine probably caused his injury, not when plaintiff discovered vaccine did not meet government guidelines), cert. denied, 405 U.S. 919 (1982). Therefore, the district court properly granted summary judgment on the ground that Tirey's action was time-barred. See Kubrick, 444 U.S. at 123-25; Raddatz, 750 F.2d at 796.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tirey was 16 years old at the time of the tonsillectomy. Nevertheless, a plaintiff's minority status does not toll the statute of limitations. See Landreth, 850 F.2d at 534
 
 
 [2]
 In June or July 1990, Tirey was examined by a chiropractor, who suggested that her jaw problems might be related to an injury sustained during the tonsillectomy. Subsequently, Tirey was examined by a dentist who opined that Tirey did not have lockjaw but that there was damage to her jaw, which was most likely due to the tonsillectomy procedures before or after the operation